IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Frank Davis, Jr., | ) | |
| | ) | C.A. No. 5:11-cv-3086-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Equifax Credit Information Services, Inc., | ) | |
| Transunion, LLC, and Experian, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On or about September 29, 2011, Plaintiff Frank Davis, Jr. ("Plaintiff") filed suit against Defendants Equifax Credit Information Services, Inc., Transunion, LLC ("Defendant Transunion"), and Experian in the Court of Common Pleas in Orangeburg County, South Carolina. On November 10, 2011, the case was removed to this court. Plaintiff alleges that Defendants violated the Fair Credit Reporting Act, specifically, 15 U.S.C. § 1681(n) and (o), and committed libel by publishing false information about Plaintiff's credit. Defendant Transunion's motion to dismiss or in the alternative motion for a more definite statement is currently before the court.

In his complaint, Plaintiff states that Defendants are credit reporting agencies whose primary purpose is to supply accurate information regarding the creditworthiness of individuals to potential lenders. Plaintiff's first cause of action is for violations of the Fair Credit Reporting Act. Plaintiff alleges that Defendants' files on Plaintiff contained numerous errors, misinformation, defamatory information, and false information regarding the creditworthiness of Plaintiff. Furthermore, Plaintiff alleges that Defendants comingled Plaintiff's credit information with someone else's credit history in their representation of Plaintiff's credit history. Plaintiff

also alleges that Defendants willfully failed to make changes to Plaintiff's credit report after being informed of the errors. Plaintiff contends that due to the violations above, Plaintiff paid inflated interested rates; has been denied credit; and has suffered a diminished lifestyle. Plaintiff's second cause of action is for libel. Plaintiff alleges that Defendants published false information about Plaintiff's credit to third party lenders with reckless disregard for the truth.

On November 17, 2011, Defendant Transunion filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative, a motion for a more definite statement, pursuant to Fed. R. Civ. P. 12(e). Defendant Transunion argues that Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff does not allege any factual basis to support his claims. Defendant Transunion states that Plaintiff does not allege any specific facts against Transunion such as what accounts Plaintiff is disputing in his credit file and what is allegedly inaccurate about those accounts. Defendant Transunion argues that Plaintiff's generalized allegations as to all Defendants are insufficient to notify Defendant Transunion as to the basis of the claim asserted against it specifically. Furthermore, Defendant Transunion contends that Plaintiff's libel claim must be dismissed pursuant to Rule 12(b)(6) because Plaintiff does not allege what specific false information Transunion published. To date, Plaintiff has not responded to Defendant Transunion's motion to dismiss. Accordingly, Defendant Transunion's motion is unopposed pursuant to Local Civil Rule 7.06 DSC.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 556, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. The court must accept all well-pleaded facts as true and construe these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the claim. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009). Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pleaded facts for Rule 12(b)(6) purposes. See id. at 255. To survive a Rule 12(b)(6) motion, a complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

In this case, Plaintiff failed to allege what specific errors and what false information Defendant Transunion published in regard to Plaintiff's credit file. Although Plaintiff states that Defendants commingled Plaintiff's credit history with someone else's credit history, each Defendant maintains a separate credit file on Plaintiff. Plaintiff does not state which specific Defendant commingled his credit history with someone else's credit history. Even if the court were to assume that Plaintiff was alleging that each Defendant commingled Plaintiff's credit history, Plaintiff does not specify who Defendant's credit history was commingled with, which would otherwise permit Defendant Transunion to respond to the claim. Plaintiff failed to provide Defendant Transunion with fair notice of the claims against it, rendering it impossible for Defendant Transunion to adequately respond to the claims. Furthermore, Plaintiff has not responded to Defendant Transunion's motion to dismiss, which was filed over four months ago, and has not moved to amend the complaint to cure the pleading deficiencies. Accordingly, the court grants Defendant Transunion's motion to dismiss. Plaintiff's complaint as to Defendant Transunion is hereby DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Chief United States District Judge

April 10, 2012
Columbia, South Carolina